oral argument not to exceed 15 minutes per side. Mr. Holloway, you may proceed for the appellant. Good morning, your honors. Tim Holloway for Mr. Pinkney. I've reserved three minutes in my written world. This case involves Mr. Pinkney who went to prison for an offense that doesn't exist. They prosecuted him under MCL 168937. That statute basically was interpreted, and I thought it was a very solid interpretation, that it prescribes forgery under other election code statutes. And that's basically what the Michigan Supreme Court held. Do you agree with the Michigan Supreme Court's decision in favor of your client? It's funny how that works. It was 6-0. Your client has remedies under state law, right? Isn't there a process to recover for wrongful imprisonment or something? Isn't there a statute that covers this? There's no common law tort or statute that would impact the government as I understand it. I thought he got compensated for the time he spent in prison. No, he did not. There's a wrongful compensation act which has been referenced in the state court proceedings and I think at some point in this proceeding. That deals with newly discovered evidence. The Michigan courts, and I know I pointed it out in the state court briefs, and I think maybe in the lower court federal briefs, that requires newly discovered evidence that resulted in the conviction being overturned. That wrongful conviction or wrongful imprisonment act. That really wasn't the center of these briefs on appeal. It wasn't the center of the issues in the lower court. But he has no access to that, that statute. That statute was enacted. Okay, I'll take your, maybe if your friend on the other side disagrees he'll tell us. But I thought there was some remedy to state made available to him. No, there's not under that act. I mean we have this ongoing state case where we're basically saying the state's liable for this under the Michigan constitution. Yeah, I want to get back to that in a minute because in terms of the state remedy, that's the one he pursued through the court of claims, or tried to pursue was it not? Yes. And of course it shows that for him because that's the state's way of waiving its sovereign immunity. That's the route that he had to take. Correct? Yes, the sovereign immunity of the state of Michigan, not of an independent. And so that is what is currently going to be argued next Tuesday in the Michigan Court of Appeals as to whether the prosecutor was a state actor at that time. Wasn't that the grommet of what happened in his state case? Yes, we cited Katie or Caddy, I'm not sure how it's said. We cited that in the Michigan proceedings saying look, you know the 6th Circuit has said state actor when the prosecutor prosecuted someone under state law. The court of claims said no, he's a local official. He's not a state actor. That puts Katie at risk and if he's a local official, it's the county of Berrien, there's two entities we're suing, the county of Berrien and the Berrien County Prosecutor's Office. If they say no, we don't think Katie was right, that's extremely important in terms of whether Katie should be overruled. There's that, there's the fact that under the Michigan Constitution. If we don't overrule Katie, do you lose? No. Setting aside whether we can, but if Katie is binding law, do you lose? No, we've sued the Berrien County Prosecutor's Office as a separate party, as a freestanding entity. Katie never decided whether. You don't have to call back if it's sued. Katie never decided whether a freestanding entity can be sued, the prosecutor's office as a freestanding entity. What Katie specifically said is we're treating this like it's a suit against the state of Michigan, not against this local entity. I cited in the brief Hudson versus New Orleans where the 5th Circuit said yeah, this prosecutor's office or district attorney's office, it is a separate entity. So whether the Berrien County Prosecutor's Office is a Monell policy maker for the county or a Monell policy type maker for the state of Michigan, the entity itself regardless of who they make policy for or if they make policy for neither one, that entity, that freestanding entity, can be sued under MCL-600-6-0. Hudson though, they held that the Louisiana office couldn't be sued, correct? No, I believe they held that they could. Go ahead, you can... Yeah, they held they could and part of the analysis was you're looking at two different things for purposes of Monell, policy making, and McMillan, you're looking at one thing over there in terms of that question about is that a policy maker for the state or the county. That's one question, but whether that office itself can be sued is a totally different question as a freestanding entity. And I cited three cases where it was done, Hudson, and out of the 9th Circuit, Strait, and out of the 7th Circuit, the other two were Sheriff's Departments. So what they said is the prosecutor can be sued. In the official capacity, yes. In his official capacity. That office can. However, I'm reading this to you. However, Louisiana law does not permit a district attorney's office to be sued in its own name. Rather, it requires the claim be brought against the district attorney in his official capacity. Yes, they had to name them, but in effect, it was that office. But I'm not sure I'm appreciating this. So you are suing the prosecutor here in his official capacity? We sued the prosecutor in his official capacity. I think that's the name on the suit, or the office in the official capacity. But you're also trying to say the office is separate from the prosecutor. Because in Cady, we held the prosecutor brings prosecutions on behalf of the state of Michigan. And so you're trying to disaggregate that and say, wait a minute. The prosecutor and the office are separate entities? Or how does this work? Explain this hybrid theory to me you're trying to come up with. Cady specifically said we're treating this like a suit against the state of Michigan. Because the only thing that was addressed, and it was brought up sua sponte in Cady, the parties never briefed it. No, I recognize that. They never briefed it, and they never brought up this idea. They'll publish that we're still bound by it. The entity itself, the entity itself, the prosecutor's office as a freestanding party. But what Hudson held is in Louisiana. I'm not saying that's Michigan law. But you're using Hudson as support. Hudson said you can sue the prosecutor in his official capacity. What you can't do is also sue the office. Because the office is not an entity that can be sued. I thought that was more of a technical distinction without a real means. Because I think they named, I think the plaintiff named. Do you have the case in front of you? However, Louisiana law does not permit a district attorney's office to be sued in its own name. Rather, it requires the claim be brought against the district attorney in his official capacity. I think it was a technical substitution of name. That wasn't a footnote you're talking about, right? No, I'm talking about the very beginning of the opinion. It's headnotes one and two. I can't say I've got it right here in front of me. I might have it in my brief. Go ahead. Well, I just want to add to that that official capacity suits are generally presumed to be a suit against the entity. Right. The reason you didn't sue the prosecutor is in Michigan, the prosecutors had absolute immunity for the type of action that was taken here. So in order to try to get around that, the official capacity, but that takes you right back to the thing is that the prosecutor's office is not a suable entity, which is exactly what you two have been discussing. The caption of our case, and it's on the appeal caption, obviously, for the Berrien County, Michigan prosecuting attorney in his official capacity as a local non-state official involving legal assistance separate and distinct from... I'm not sure how you're going to run Katie in that instance. You're suing the Berrien County prosecutor, which Katie says is a state actor when he's bringing prosecutions on behalf of the state. And so why doesn't sovereign immunity bar the suit? Ignore the office for a second. Just say the prosecutor. The prosecutor. It's... Katie decided this was actually a suit against the state of Michigan, and nobody named that office as an entity, so Katie never decided that. And MCL 60060.6093 sub 3 says when you sue a county official, and I think I'm quoting here, in his name of office, that judgment is paid by the county taxpayers. There's a levy against them. So they've authorized a suit against county officials, including the prosecutor. Let me ask... In the official capacity. Does it matter where the money comes from? Let's say the state says, look, for all suits against us by officers you hire, while they're bringing it and they're cloaked with sovereign immunity, if there's a judgment in the court of claims, for example, against them, it comes out of your funds, and we'll, whatever, we'll reallocate it, we'll do whatever. That doesn't transform a state actor into a county actor, does it? In other words, if they say there are actors, but you hire them, or you, they represent, they're in the county, and so the way we're going to pay it is out of county funds, which will be reimbursed, or however they're handled. That doesn't... They're still a separate entity, and under the 11th Amendment, that doesn't... Section doesn't say the entity can be sued. It says you sue the official in their official capacity. The 11th Amendment bears down on who is required to pay the judgment. Michigan is indicated... That's not the only thing it focuses on. Yeah, just about. Well, no, it's not. I mean... Oh, I know, it's... Doesn't Katie say the... Wouldn't that have been true in Katie, and Katie came out the other way? Katie did not specifically deal... Katie dealt with Monell, not 11th Amendment, until they reached Monell and said, we're actually dealing with this as a suit against the state of Michigan, not against this prosecutor office. The answer to Judge Radler's question then is, yes, all this was in front of Katie, and they decided the official's entitled to immunity. No, I don't think that's true. I don't think that's true at all. Okay. Katie, should I continue or sit down? It's up to you. You have three minutes for rebuttal. Well, Katie specifically said, and I can cite it to you... Why don't you use your rebuttal? I'll say it in rebuttal. Okay, okay. Thank you, counsel. Thank you. Good morning. Douglas Trill on behalf of Berrien County and the Berrien County prosecuting attorney. We can do a lot of backflips about the who's the agent of whom and all that, but I want to highlight that it really doesn't matter in this case. Point three in the opinion of the district court below was, plaintiff fails to state a claim on the merits in any event. The question, what's the policy that was enforced by the prosecutor here? Well, that he prosecutes people that the currently extant judicial opinions say he can prosecute. That's what he did. Are these other issues jurisdictional that we need to get to first? I mean, we don't do backflips over the constitution typically. Yeah, yes. Certainly, you can look at the state actor thing, but... Can, I mean, I'm just saying, don't we have to? Well, yes. And of course, I agree that if we just want to go with the... Well, it's not just. Yes, but the sovereign immunity, I'm all for it on the sovereign immunity. If that is the best way to dispense it, certainly I'm all for it. The Michigan Court of Appeals so far has agreed with Katie, six judges, two different panels from across the spectrum of that court. I don't think it's going to be... When I ask you about the cases, you say that, it's at page 35 of your brief, you say that the prosecutor's office is not a legal entity that can be sued for money damages? That's correct. That's a direct quote from Michigan Court of Appeals. So I got two questions. Isn't the prosecutor one and the same as the office for purposes of suit? And second, what about the Michigan law he just referenced, where the funds come out of the county? Isn't the county in essence being sued? No, I was going to mention that. My understanding is if they prevail in the court of claims on their state case, and frankly next week I will be arguing with him that the Katie case should be supported by the Michigan Court of Appeals. If there's a judgment, my understanding is by statute, if there is a judgment in the court of claims of Michigan, that must come out of the state treasury. That's a statute.  If he prevails in the court of claims, in his court of claims case, where he's brought his suit under the Michigan Constitution, against which the state has no immunity against his own constitution, if he prevails, that's going to have to come out of the state coffers by statute. So let me get this straight. In Michigan, you and he are both arguing the prosecutor is a state actor? Absolutely. And here you're arguing he's a state actor, but he's arguing he's not? Correct. Well, I'd like to just clarify that you're arguing that he's a state actor under these circumstances. Correct. I mean, if you were prosecuting a county ordinance... He's tomorrow prosecuting a county ordinance. He's not a state actor. Sure. Absolutely. It's a functional approach under that McMillan case. You look at the function at the particular time, and certainly he does represent the county in its ordinance violation cases. I often deal with animal control officer cases. They're brought by the prosecutor for a dog or whatever. In that case, he'd certainly be the county representative, the agent of the county. But in this case, where he's prosecuting a state statutory offense... Go ahead. Who's defending the judgment of the court of claims? The attorney general. The state does not want to be involved in these things at all. As pointed out in our brief, we had actually wanted to file a mandamus cross-claim against them. Is it theoretically possible to be a state actor for our purposes and a local actor for the court of claims jurisdiction? But not the exact same tests, are they? Maybe not. I think the court of claims judge was a little sideways on how this was handled. I don't think she quite understood the argument that we were making. We can argue that next week, I guess. Yeah. I just thought there was some... Theoretically, there's some room between the two. Yes, there is. Can I argue the flip side of that? Why aren't you raising estoppel here, judicial estoppel? In other words, usually we don't let parties argue one thing in state court and another thing in federal court that are completely inconsistent. In other words, in state court, your friend's arguing state actor. Here, they're arguing non-state actor. Well, that's because he didn't prevail on that point. Well, if he does, then would judicial estoppel bar him? That's a fair response. I would say yes. I considered the estoppel argument, but since he didn't prevail on that issue and the court of claims judge said, no, he's a local official. Right. How could I stop it? No, that's fair. If there were to be, if he were to prevail on his claim, as we will both be arguing next week that Katie is good, certainly then the estoppel argument would arise. I should also address, there was a question, we got a paper after oral argument was scheduled. Should this court stay its opinion until the Michigan Court of Appeals rules? I should just point out that will probably not be a problem. My experience with Michigan Court of Appeals is they do opinions very rapidly. I argued cases on the 12th and 13th of this month. I have all three opinions. I often wonder why they don't just have the bailiff hand them to me as I'm leaving the court. The other way of saying that is the Sixth Circuit's not as fast. Yeah. In my experience, I would say the point being that there shouldn't be a need to stay anything formally. Again, I think I've addressed everything in my brief, unless the court has questions. Do you have any? Am I right? There's no remedy? I mean, he's seeking to hold the state liable in the Court of Claims, and that's under statutory theory or tort theory or? As I understand, and I don't want to speak for opposing causes, as I understand it, his claim in the Michigan Court of Claims is under the Michigan Constitution. I think he foresaw that he didn't want the state claiming immunity, so you'd have immunity from your own constitution. That's fair game, and that's what I'm bringing my claim under. He was a state agent prosecuting. It violated the state constitution, so we can recover against the state, as I understand it. There is a recovery in state court. In that form, yes, as to the statute for the wrongfully incarcerated to get compensation, I don't practice criminal law, and I'm not well-versed in that particular statutory scheme. I know it exists. If there's some nuance to it that counsel who does do criminal law would know better than I would have to defer, because I just don't know. Judge Guy, any further questions? Well, only this, that the state court of appeals, should they hold that the prosecutor under these circumstances was not a state actor, then that would preclude the court of claims, anything in the court of claims. That would end that, but you'd still have to deal with this federal court of positive action that is before us. Correct. That's separate and distinct, because if he's not a state actor, that doesn't eliminate his cause of action under the federal constitution, although other factors may. Correct. That might cause this court to rethink the Cady decision based on a new opinion from the Michigan court of appeals, but that's where we get back to what I'd opened with, which is even if we leave aside all the immunities, the sovereign immunity and the jurisdiction issue, we still don't have a claim, because what's the policy? The policy is that I, as a prosecutor, prosecute those that the extant judicial opinions say I can prosecute. Pre- and post-trial motions in Mr. Pinckney's case, the trial judge said, no, this is a prosecutable offense. The day the trial opens, the Michigan court of appeals, unpublished opinion, but still comes out and says, this is a prosecutable offense stated by this. On appeal, in Mr. Pinckney's own appeal, direct appeal to the court of appeals, they said, well, relying on our prior unpublished opinion, this is a prosecutable offense. It wasn't until his own direct appeal got to the Supreme Court that there was any indication by any judicial officer that this would not be a prosecutable offense. Thank you. Thank you, counsel. First, I'd hopefully like to address what was previously asked. In terms of if the state of Michigan would indemnify the county or the county taxpayers, the Bering County Prosecutor's Office was held liable. On page 45 of our opening brief on appeal here, I stated, and I cited Brotherton, a case from this circuit in Lowe, that even if the state of Michigan decides to indemnify the Bering County Prosecuting Attorney for any judgment, this factor would be irrelevant to the question of sovereign and 11th Amendment immunity. That's where I cited Brotherton and Lowe, and I summarized Lowe, and I cited Wilson v. Beebe. Also, on page 16 of the reply, and at page 40 of the opening brief, on page 16 of the reply in footnote 5, I quoted from the opening brief, Caddy applied 11th Amendment immunity only because Caddy was actually addressing the state of Michigan's financial liability after Caddy found the prosecutor was an agent for the state. I cited and quoted Caddy. An official capacity suit, in all respects other than name, is to be treated as a suit against the entity. Then they go on to say Caddy's suit against Brotherton in his official capacity should therefore be treated as a suit against the state. My lawsuit right now treats the suit against the Bering County Prosecutor in the official capacity. It's specifically laid out in this complaint and in the briefs, I thought, that we're suing them separate as a freestanding entity, not as something that's going to impose liability on the state of Michigan like it did in Caddy. Can I ask you something? It seems to me you're arguing inconsistent positions as to the prosecutor. If you win in the court of appeals, do you concede you're judicially estopped from claiming something different here? I believe in terms of the county's liability, not in terms of the prosecutor's office. The prosecutor or the prosecutor in the official capacity, in terms of a freestanding entity, that was not addressed in Caddy. If we win in the court of claims on appeal and they say, well, he's an agent for the state, that's under a Monell theory. But an agent typically, even at common law, it's a little bit different. Do you have a Michigan case that says the office is independently suable? Well, I cited some in the brief. What's the last case that says the office is independently suable? That's all right, I can look. No, I'll give it to you here. I mean, it's... I don't want to eat up all your time. There was a case out of Macomb County where they stated that... Okay, I trust you. It was a fairly recent case. They said the prosecutor in the individual capacity could not be sued individually, but he could be sued, his office could be sued for charging decisions. They said that and I... Okay, I believe you. I'd like to give you the site, but... Do you want to take 30 seconds to finish so I don't end your time on something like that? The case is Trindle versus Hackle. Okay. Michigan Court of Appeals case docket number 345520, Lexus 2019, Mishap, Lexus 5445, Westlaw 219, Westlaw 4389172. In that case, they said, specifically said, well, you can sue the office for charging decisions. Anything further? Judge Guy, anything further? No. All right. Thank you. Very much, counsel. Thank you.